**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mario Villacorta, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4614 |
| | ) | |
| Transworld Systems, Inc., a California | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mario Villacorta, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Mario Villacorta ("Villacorta"), is a citizen of the State of California

from whom Defendant continued to attempt to collect a delinquent consumer debt he

owed to Banco Popular, located in Oak Park, Illinois, despite the fact that he had

demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois, that Defendant cease its collection actions.

4.      Defendant, Transworld Systems, Inc. ("Transworld"), is a California

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect,

delinquent consumer debts.  From its five offices located in Illinois (Bloomington,

Maryville, Homewood, Oak Brook and Schaumburg) and its 95 other offices throughout

the United States, Transworld operates a nationwide collection agency and collects

debts from consumers in virtually every state, including the State of Illinois, <u>see</u>,

material from Transworld's web site, attached as Exhibit <u>A</u>.  Moreover, Transworld

acting as a debt collector as to the delinquent consumer debt it attempted to collect from

Ms. Villacorta.

5.      Defendant Transworld is licensed to conduct business in Illinois and

maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State,

attached as Exhibit <u>B</u>.  In fact, Transworld conducts business in Illinois.

6.      Moreover, Defendant Transworld is licensed as a collection agency in

Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as

Exhibit <u>C</u>.  In fact, Transworld acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Mr. Villacorta is a disabled man, with limited assets and income, who fell

behind on paying his bills.  Defendant Transworld began trying to collect the delinquent

Banco Poplar debt from him, by sending him an initial form collection letter, dated

February 2, 2010, and, shortly thereafter, sending him two more collection letters, dated

February 19, 2010 and  March 1, 2010.  Copies of these collection letters are attached

as Exhibits D E and F, respectively.

8.      The third of these collection letters (Exhibit F), sent 27 days after the first

collection letter (Exhibit D), stated that:

> "NOTICE – Statutory Dispute period expired 30 days after you received our first
> letter.  Therefore, we are permitted to under Federal law to assume that this debt
> is valid."

9.      Mr. Villacorta then sought the assistance of the legal aid attorneys at the

Chicago Legal Clinic's LASPD program, regarding his financial difficulties and

Transworld's collection actions.    Accordingly, on April 5, 2010, one of Mr. Villacorta's

attorneys at LASPD told Transworld, in writing, to cease all further collection actions

because Mr. Villacorts was forced, by his financial circumstances, to refuse to pay his

unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit G.

10.     Nonetheless, Defendant Transworld called Mr. Villacorta several times

thereafter in an attempt to collect the Banco Poplar debt.  Accordingly, on May 25,

2010, one of Mr. Villacorta's LASPD attorneys again wrote to Defendant, to demand

that Transworld cease communication and cease collection of the debt.  Copies of this

letter and fax confirmation are attached as Exhibit H.

11.     Disregarding the two notices that had been sent to it, Defendant

Transworld kept calling Mr. Villacorta to demand payment of the Banco Poplar debt,

including, but not limited to, a phone call on June 14, 2010, from phone number 888-

892-0214.

12.     All of Defendant Transworld's' collection actions complained of herein

occurred within one year of the date of this Complaint.

13.     Defendant Transworld's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters from Mr. Villacorta's agent, LASPD, told Defendant Transworld to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant Transworld violated § 1692c(c) of the FDCPA.

17.     Defendant Transworld's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant Transworld knew that Mr. Villacorta was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that Mr. Villacorta was represented by counsel, and had directed Transworld to cease directly communicating with Mr. Villacorta.  By directly calling Mr. Villacorta, despite being advised that he was represented by counsel, Defendant Transworld violated § 1692c(a)(2) of the FDCPA.

21.     Defendant Transworld's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

22.     Plaintiff adopts and realleges ¶¶ 1-13.

23.     Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

24.     Here, although Defendant's initial collection letter (Exhibit D) contains the notice required by § 1692g of the FDCPA, the statement made in Transworld's third

collection letter (Exhibit F) – sent on the 27th day of the validation period -- made it look as if the 30-day validation period had already expired, when it had not.  Specifically, Defendant's statement that the validation period had "expired" would confuse the unsophisticated consumer as to whether the 30-day validation period has already expired or whether they still had the remaining 3 days in the 30-day validation period in which to dispute the debt.  Defendant's form collection letters thus violate § 1692g of the FDCPA.  See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, 15 U.S.C. § 1692g(b).

25.     Defendant Transworld's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive or Misleading Statements**

26.     Plaintiff adopts and realleges ¶¶ 1-13.

27.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

28.     Defendant's statement, in its third collection letter, that the 30-day validation period had "expired" (Exhibit F) was false, in violation of § 1692e of the FDCPA.

29.     Defendant Transworld's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Mario Villacorta, prays that this Court:

1.      Find that Defendant Transworld's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff Villacorta, and against Defendant

Transworld, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mario Villacorta, demands trial by jury.

Mario Villacorta,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 23, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com